## NOBLE W. BIXBY v. WALLACE BRUCE.

### FILED MAY 20, 1903. No. 12,854.

**Trade Usage.** One not shown to have knowledge of a trade usage confined to a particular business, which is not shown to be of such a general and notorious character that he must have been presumed to have contracted with reference to it, is not bound by such usage.

ERROR to the district court for Nuckolls county: GEORGE W. STUBBS, DISTRICT JUDGE. *Reversed.*

*F. H. Stubbs,* for plaintiff in error.

*W. F. Buck, contra.*

HASTINGS, C.

This was an action to recover from the plaintiff in error, Bixby, an alleged balance of $267.08 for material and labor furnished in the construction of a brick building at Hardy, Nebraska. The parties will be designated plaintiff and defendant, as they were at the beginning of the litigation. Plaintiff's account, as stated in his petition, amounted to $1,758.47. On this he admitted having received $1,517.37, and he brought suit for the remainder, with interest.

The defendant answered admitting four items of plaintiff's account; admitted the furnishing of brick for the building but says that instead of 167,237 brick only 138,491 were furnished. Some other items were disputed and defects in the building were alleged causing damage in the sum of $500, and judgment was asked against the plaintiff in the sum of $527. There was a general as well as special denials in the answer, which was itself denied. On trial to

a jury the plaintiff recovered a verdict for $88.20. Motion for new trial was overruled, and from judgment on this verdict the defendant brings error.

The sole error complained of is the giving of the following instruction:

"You are further instructed that if you shall find from the evidence that the plaintiff erected for the defendant under a verbal agreement a brick building, the walls of which were to be and were 14 inch hollow walls, and that no agreement was made between the plaintiff and the defendant as to the rule of measurement of the brickwork in such building, under the evidence in this case the plaintiff would be entitled to measure and receive pay for such building as a 14 inch solid wall. And if after the completion of the building a settlement was had, and through inadvertence or mistake the building was improperly figured to the injury of the plaintiff, such fact would not preclude his recovery in this action."

The plaintiff simply alleges that he "furnished 167,237 brick laid in the wall" at $8 a thousand. The defendant says that it was agreed that the wall should be 14 inches in thickness and with a two inch air space and that the plaintiff agreed it should be figured as a 12 inch, and not as a 14 inch wall; that the plaintiff's computation is for a 14 inch solid wall and that one-seventh must be deducted because of the two inch air space.

Plaintiff at the trial introduced, without objection from defendant, some evidence to prove a custom among masons to charge for the empty space in hollow walls in computing the number of the bricks laid; he says that it was computed so in this instance.

As above indicated, the sole error complained of is the instruction to the jury by the trial court, that under the evidence plaintiff would be entitled to measure and receive pay for a 14 inch solid wall if no agreement as to the manner of ascertaining the number of brick was found. The evidence hardly seems to warrant so emphatic an instruction. It is certainly not a matter of judicial knowl-

edge that masons in ascertaining the number of brick in a wall always count the air space as if it was filled solidly with brick. The evidence in this case entirely fails to establish any such immemorial general custom. It shows, at most, only what is designated by Mr. Greenleaf, "a usage of trade" as to which he says "it is sufficient if it be established, known, certain, uniform, reasonable and not contrary to law. These usages, many judges are of opinion, should be sparingly adopted by the courts as rules of law, as they are often founded in mere mistake, or in the want of enlarged and comprehensive views of the full bearing of principles. Their true office is to interpret the otherwise indeterminate intentions of parties, and to ascertain the nature and extent of their contracts, arising not from express stipulation, but from mere implications and presumptions, and acts of doubtful and equivocal character; and to fix and explain the meaning of words and expressions of doubtful and various senses. On this principle, the usage or habit of trade or conduct of an individual, which is known to the person who deals with him, may be given in evidence to prove what was the contract between them." 2 Greenleaf, Evidence (16th ed.), sec. 251.

In the present case the real question between the plaintiff and defendant is, what was intended by the phrase "$8 a thousand for brick in the wall"?

It is not claimed on behalf of the defendant in error that any evidence tended to show knowledge of this usage on the part of the defendant, or that the contract was made with such a usage in view; such a custom among masons is testified to by the plaintiff and by two other witnesses. While there are some cases holding that no such usage can be shown in connection with an express contract for brick at a certain price (*Sweeney v. Thomason*, 9 Lea (Tenn.), 359, 42 Am. Rep. 676), the better doctrine seems to be that such a custom or trade usage may be shown as a means of ascertaining the intention of the parties to a contract but never to thwart or control such intention. *Kendall v. Russell*, 5 Dana (Ky), 501, 30 Am. Dec. 696.

It is urged that defendant is not in a position to complain of this instruction, because he did not at the trial below in fact raise the issue as to the existence of this usage or his own knowledge of it, but attempted to establish an agreement that it should be disregarded and a different rule of measurement adopted. It should be remembered that, as before stated, the plaintiff's petition is simply for the price of 167,000 brick. No allegation of any custom or measurement is made. Defendant is alleging that only 138,000, and no more, were laid. There is also a general denial attached to the answer. It hardly seems that plaintiff ought to derive any advantage by reason of the fact that he has failed to allege such a usage in his petition.

In *First Nat. Bank of Hastings v. Farmers & Merchants Bank,* 56 Neb. 149, it is held that such a usage of a particular trade to be available must be pleaded, and if denied must be proved. It seems clear that the court in undertaking to say that in the absence of a special agreement as to the manner of measurement, the wall and the air spaces should be counted as a solid one, is not warranted by the evidence. It was a question of the intention of the parties, an attempt to vary and control the ordinary meaning of the contract terms by means of a trade usage. In order to have the proposed effect, either knowledge of such usage on the part of the defendant, or such a general knowledge of it as to lead to a conclusive presumption that he knew of and contracted with reference to it, must have been shown. 15 Century Digest, col. 1244; *Irwin v. Williar,* 110 U. S. 499. Neither of these appear in this case. It does not affirmatively appear that defendant was aware of such usage, nor does it appear to have been so general and so well known, that he must be presumed to have contracted with reference to it, and the utmost which plaintiff would be entitled to have under the evidence shown here would be a submission of this question to the jury, and the taking of the jury's finding as to whether or not the contract was made with reference to such a usage.

9

We conclude that the court was in error in deciding, and so telling the jury, that in the absence of a special contract this wall must be measured as if it were a 14 inch solid one; that whether or not such a rule of measurement was the one really agreed upon, and to be applied in this case, was a question for the jury under all the facts.

For this error, it is recommended that the judgment of the trial court be reversed and the cause remanded for further proceedings.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.